USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JULIO CRUZ,

      Plaintiff,

 - against -

DAVID HALLENBECK, Superintendent,
Hale Creek Correctional Facility,

      Defendant.

---

16-cv-9014 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

 The petitioner, Julio Cruz, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner argues that his Sixth Amendment right to a public trial was violated because the trial court failed to provide notice to the public before it held a hearing to address a motion for closure of the courtroom during the testimony of an undercover agent.

 For the reasons stated below, the petition for a writ of habeas corpus is **denied.**

I.

 The petitioner was arrested in January 2017 as a result of a long-term undercover buy operation in the Bronx. Berko Aff. ¶ 1. The petitioner was charged with various narcotics sale and related offenses arising out of two sales of cocaine he made to an undercover officer. Id.

 The petitioner's case went to trial on June 2, 2009. Trial Tr. 1. After the opening statements of the parties, but prior

to the commencement of testimony, the prosecution moved the court for an order to close the courtroom during the testimony of the undercover agent to whom the petitioner had sold cocaine ("UC 5853"). Trial Tr. 52. Justice Wiley held a hearing pursuant to People v. Hinton, 286 N.E.2d 265 (N.Y. 1972), to evaluate the prosecution's motion. Id. At the hearing, which itself was conducted in a closed courtroom, UC 5853 asserted that testifying in the case in open court would jeopardize his safety and would prevent him from operating effectively as an undercover officer. Id. at 58-59. The defense cross-examined UC 5853 but did not offer any evidence at the hearing. Id. at 70.

At the end of the hearing, Justice Wiley concluded that, based on the credible testimony adduced at the hearing, the courtroom should be closed during the testimony of UC 5853. The Court also noted that the Court sat in a Part that frequently involved narcotics cases and defendants with pending or past narcotics charges and that defendants "not infrequently" came to court. Id. at 70-71. After Justice Wiley announced the decision, the defense objected to the closure as follows:

> I just want to object very briefly Judge. I believe the case is People v. Martinez, 82 New York 2d, 436. I specifically asked the undercover officer whether any associates of the defendant or targets of any investigations involved in this case had made any threats to him. He said no. I believe there was no link established by the DA between his fear of the safety and this particular case I just want to, I submit Judge, that that is the standard adopted by the Court of Appeals

2

in that case. So I object to the closure." Id. at 72-73. Justice Wiley noted the objection but did not address it in substance or change his ruling. Id. at 73.

At trial, the petitioner was convicted of one count of criminal sale of a controlled substance in the first degree; three counts of criminal possession of a controlled substance in the third degree; one count of criminal possession of a controlled substance in the fourth degree; and four counts of criminally using paraphernalia in the second degree. Id. at 1564-66. The petitioner was sentenced to 16 years' imprisonment and five years' post-release supervision. Sentencing Tr. 17. The petitioner is currently serving his sentence in state custody at Hale Creek Correctional Facility. Berko Aff. ¶ 4.

The petitioner appealed his conviction to the Appellate Division, First Department. State Court Record ("SR") 1. In his appeal, the petitioner contended, among other things, that he was deprived of his Sixth Amendment right to a public trial because the trial court failed to provide advance notice of the Hinton hearing to the non-present members of the public. SR 51-59.

The Appellate Division unanimously affirmed the petitioner's conviction. People v. Cruz, 13 N.Y.S.3d 420 (App. Div. 2015). With respect to his Sixth Amendment claim that the court failed to provide public notice of the Hinton hearing, the

3

Appellate Division held that the petitioner had failed to preserve that argument because he had not objected to the closure on that basis at the time of the hearing:

> For the reasons stated in People v. Tate, . . . [decided simultaneously herewith], we find that defendant failed to preserve his claim that the court was required to provide the public with notice of an impending hearing on the closure of the courtroom during an undercover officer's testimony, and we decline to review it in the interest of justice, and we also find that defendant lacks standing to assert such a claim.

Cruz, 13 N.Y.S.3d at 504-05.

Leave to appeal to the New York Court of Appeals was denied. People v. Cruz, 42 N.E.3d 218 (N.Y. 2015).

**II.**

In his federal habeas petition, the petitioner again asserts his claim that his Sixth Amendment right to a public trial was violated because the court failed to provide notice to the public prior to its holding of a Hinton hearing on the issue of closure. In response, the defendant argues that federal habeas review of this claim is barred because the state court denied the petitioner's claim on an independent and adequate state procedural ground.

It is well-settled that where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can

4

demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Lee v. Kemna, 534 U.S. 362, 375 (2002); Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir.2003); Faison v. McKinney, No. 07-cv-8561 (JGK), 2009 WL 4729931, at *10 (S.D.N.Y. Dec. 10, 2009). To be considered an independent and adequate state ground, the state law must be "'firmly established and regularly followed' in the specific circumstances presented in the case." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir.2003) (citing Lee, 534 U.S. at 386-87). While violations of such state rules normally will preclude federal habeas review, there are "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." Lee, 534 U.S. at 376, 122 S.Ct. 877; see Williams v. Artus, 691 F. Supp. 2d 515, 524 (S.D.N.Y. 2010).

New York Criminal Procedure Law § 470.05(2) provides that "a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the

5

same." N.Y. Crim. Pro. L. § 470.05(2). The New York Court of Appeals has explained that this provision "require[s], at the very least, that any matter a party wishes the appellate court to decide to have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error." People v. Luperon, 647 N.E.2d 1243, 1247 (N.Y. 1995); see also Garcia v. Lewis, 188 F.3d 71, 78 (2d Cir. 1999). The Court of Appeals for the Second Circuit has consistently held that application by the New York state courts of the contemporaneous objection rule codified in N.Y. Crim. Proc. L. § 470.05(2) represents an adequate and independent state ground that acts as a procedural bar to federal habeas review. See Garcia, 188 F.3d at 79 ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules"); Downs v. Lape, 657 F.3d 97, 104 (2d Cir. 2011) ("[W] have held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."); see also Bossett v. Walker, 41 F.3d 825, 829 n.2 (2d Cir. 1994); Fernandez v. Leonardo, 931 F.2d 214, 216 (2d Cir. 1991); Byrd v. Walker, No. 98-cv-55 (JGK), 2000 WL 565193, at *2 (S.D.N.Y. May 9, 2000).

In this case, the Appellate Division explicitly relied on the contemporaneous objection rule in denying the petitioner's

6

claim that his Sixth Amendment right had been violated because of the lack of public notice of the Hinton hearing. The Appellate Division found that the petitioner's claim was unpreserved for "reasons stated in People v. Tate [14 N.Y.S.3d 332 (App. Div. 2015)]." SR 179. In Tate, the Appellate Division addressed an identical argument to the petitioner's claim on appeal that his Sixth Amendment right was violated by the lack of public notice for the closure hearing. The Court in Tate held:

> Defendant did not preserve his claim that, before closing the courtroom during the testimony of an undercover officer in order to protect his identity, the court was required, under the First Amendment, to provide the public with notice and an opportunity to be heard on the closures. "Errors of a constitutional dimension-including the right to a public trial-must be preserved." Although defendant asserted his own right to a public trial, that assertion did nothing to alert the court that he wanted it to invent, or import from other jurisdictions, new remedies for the benefit of nonparties, including the 'posting' or 'docketing' of information about the impending hearing on the closure issue. Defendant's entire argument in this regard is raised for the first time on appeal, and we decline to review it in the interest of justice.

Tate, 14 N.Y.S.3d at 332 (citations omitted).

The state court therefore relied on an adequate and independent state law ground -- the contemporaneous objection rule -- when it denied the petitioner's claim that his Sixth Amendment right to a public trial had been violated by the lack of public notice for the closure hearing. Federal habeas relief

7

is thus barred.[1]  See Coleman, 501 U.S. at 729; Downs, 657 F.3d at 104, 108 (holding that federal habeas review of a Sixth Amendment public trial claim was barred where the state court dismissed the claim pursuant to the contemporaneous objection rule).

### III.

None of the petitioner's arguments that he has not procedurally defaulted his claim is persuasive.

First, the petitioner argues that his attorney's objection to the Court's ruling at the Hinton hearing that the courtroom would be closed during the undercover officer's testimony was sufficient to preserve his claim that his Sixth Amendment right was violated because the court did not provide public notice of the Hinton hearing in advance of that hearing.  While it is not wholly clear, this appears to be an argument that review of the petition is not barred by the independent and adequate state ground doctrine because the Appellate Division made an "exorbitant application of a generally sound rule" when it found that the petitioner's objection did not preserve his claim regarding lack of public notice.  Lee v. Kemna, 534 U.S. 362, 376 (2002).

---

[1] The Appellate Division also denied the appeal on the grounds that the petitioner did not have standing to assert a claim for lack of notice on behalf of the public.  The Court need not consider that argument in this opinion.

8

There was a sound basis in the record to support the Appellate Division's finding that the petitioner's claim was not preserved by his counsel's objection at the hearing. Counsel did not object to the lack of notice to the public, or assert his belief that such notice was required, either before or at the Hinton hearing. Instead, the petitioner objected to the closure only after the Court has issued its closure ruling and only on the basis that the District Attorney had not established a link between UC 5853's fear for his safety and the petitioner's particular case, and therefore the District Attorney had not met the standard for closure as articulated by the New York Court of Appeals. Trial Tr. 72-73. It was not unreasonable for the Appellate Division to find that such an objection -- which focused specifically on a requirement for closure and did not in any way reference or concern the issue of public notice of the closure hearing -- did not preserve for appellate review a claim that the petitioner's Sixth Amendment right was violated because the public was not notified of the Hinton hearing. See Whitley v. Ercole, 642 F.3d 278, 286 (2d Cir. 2011) ("[The contemporaneous objection] rule has been interpreted by New York courts to require at the very least, that any matter which a party wishes to preserve for appellate review be brought to the attention of the trial court at a time and in a way that gave it the opportunity to remedy the problem

9

and thereby avert reversible error." (citation and quotation marks omitted)).

The Appellate Division therefore did not make an "exorbitant application of a generally sound rule" that would justify review of the federal habeas petition when it found that the petitioner had not preserved his Sixth Amendment claim premised on a lack of public notice of the Hinton hearing. See Whitley, 642 F.3d at 288 (holding that the state court's finding that an objection was unpreserved was not an exorbitant application of the contemporaneous objection rule); Downs, 657 F.3d at 106 ("Given the ambiguity of counsel's comments and the limited state-court record, the Appellate Division had a legitimate basis to conclude that Downs's Sixth Amendment claim on appeal was not preserved.").

The Trial Court and the Appellate Division could reasonably have expected that the petitioner should have raised his claim for public notice of the Hinton hearing before that hearing occurred when public notice could have been given and when the Trial Court would have had the opportunity to consider the arguments in support of such an application. In this case, there is no indication that the petitioner made any argument at trial that public notice of the Hinton hearing was required or any objections at all when no such notice was given.

10

Next, the petitioner argues that he has shown cause for the default and prejudice arising from the alleged violation and therefore the Court cannot rely on the independent and adequate state law ground doctrine to deny the petition. See Coleman, 501 U.S. at 750 (an independent and adequate state law ground bars federal habeas review "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law").

As an initial matter, this argument was raised for the first time on reply and therefore was forfeited. See, e.g., Bertuglia v. City of New York, 839 F. Supp. 2d 703, 737 (S.D.N.Y. 2012). In any event, the petitioner has failed to demonstrate either cause or prejudice.

The petitioner argues that he can show cause for the default because the failure to object was "entirely attributable to his lawyer's failure to interpose a contemporaneous objection to the improperly issued closure order." Pet'r's Reply Br. 27. In order for his lawyer's error to qualify as cause, the petitioner must show that his lawyer's performance was so egregious as to constitute ineffective assistance of counsel. See Coleman, 501 U.S. at 755; Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Additionally, where a petitioner relies on his lawyer's ineffective assistance as the cause for his default, the exhaustion doctrine "generally requires that a claim of

11

ineffective assistance be presented to state courts as an independent claim before it may be used to establish cause for a procedural default." Murray v. Carrier, 477 U.S. 478, 489 (1986).

The petitioner has not presented a claim for ineffective assistance of counsel to the state court, nor has he attempted to justify in any way his failure to do so. See Docket No. 29; see also Edwards, 529 U.S. at 451, 453 (an ineffective assistance of counsel claim asserted as cause for a procedural default can itself be procedurally defaulted, and the state prisoner must satisfy cause for the procedural default of the ineffective assistance claim). He therefore cannot rely on ineffective assistance of counsel as the basis for a showing of cause for a procedural default because he has not exhausted his claim for ineffective assistance of counsel.

The petitioner has also not demonstrated that he was prejudiced by the alleged violation of the Sixth Amendment. In support of his claim of prejudice, the petitioner asserts that "the right to a public trial is structural and, therefore, is immune from harmless error analysis, where, as here, the closure was effected during the testimony of the government's main witness." Pet'r's Reply Br. 27. The petitioner has confused the substance of his claim which is that the public should have been given notice of the Hinton closure hearing with an argument

that the conclusion of that hearing was erroneous and the undercover officer should not have been permitted to testify in a closed courtroom at trial. In any event, the Supreme Court held in Weaver v. Massachusetts, 137 S.Ct. 1899 (2017), that "the failure to object to a public-trial violation [does not] always deprive[] the defendant of a reasonable probability of a different outcome." Id. at 1911. Accordingly, "when a defendant raises a public-trial violation via an ineffective-assistance-of-counsel claim, . . . the burden is on the defendant to show either a reasonable probability of a different outcome in his or her case or . . . to show that the particular public-trial violation was so serious as to render his or her trial fundamentally unfair." Id. at 1911. The petitioner has not presented any evidence to support that he was prejudiced under this standard. Accordingly, the petitioner has not demonstrated either cause for the default or prejudice arising from the alleged violation.

Finally, the petitioner offers a variety of arguments regarding why the contemporaneous objection rule generally cannot be an independent and adequate state ground on which to dismiss his petition. For example, the petitioner argues that there is no specific preservation requirement for claims under the Sixth Amendment; that the right to a public trial may only be affirmatively waived and only by the defendant; that the

Appellate Division should have considered this violation a "mode of proceedings" error; and that the Appellate Division implicitly ruled on the merits of the constitutional question when it found that the claim fell outside the "mode of proceedings" exception.

But all of these arguments are foreclosed by the Second Circuit Court of Appeals' decision in Downs, which found that New York State's contemporaneous objection rule is an adequate and independent state law ground for disposing of a claim that a Sixth Amendment right to a public trial has been violated. 657 F.3d at 104, 108. This Court is, of course, bound by that decision and cannot -- as the petitioner suggested it do, Reply Br. 23-25 -- simply disregard it.

## CONCLUSION

For the reasons stated above, the petitioner's habeas corpus petition is **DENIED**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is directed to enter judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated:    New York, New York
           May 18, 2018

_____
John G. Koeltl
**United States District Judge**